UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

MICHAEL RUSSO and
BRUCE HARRISON
*On Behalf Of Themselves And All
Others Similarly Situated,*

        Plaintiffs,

v.

BRP US INC., *et al.*

        Defendants.

Case No.: 2:23-cv-01355

## JOINT RULE 26(F) AND SCHEDULING CONFERENCE REPORT

The parties, by and through their respective counsel, Barton Legal S.C. and Sauder Schelkopf LLC (for Plaintiffs) and Pietragallo Gordon Alfanso Bosick & Raspanti, LLP and Amundsen Davis LLC (for Defendants), hereby submit the following Joint Rule 26(f) Report in accordance with the Federal Rules of Civil Procedure the ("Rules") and the Court's Local Rules ("L.R.").

### I. DATE, TIME, AND LOCATION OF RULE 26(F) CONFERENCE

Pursuant to Rule 26(f), the parties held a telephone conference on July 24, 2024, subsequently corresponded via email, and held a second telephone conference on August 2, 2024 to finalize this Joint Rule 26(f) Report. The conferences were attended by the following counsel for the parties:

| Counsel for Plaintiffs | Counsel for Defendants |
|---|---|
| James B. Barton<br>Barton Legal S.C.<br>313 N. Plankinton Ave., Ste. 207<br>Milwaukee, WI 53203<br><br>Matthew D. Schelkopf<br>Joseph B. Kenney | Clem C. Trischler<br>Jason M. Reefer<br>Frank H. Stoy<br>Pietragallo Gordon Alfanso<br>Bosick & Raspanti, LLP<br>38th Floor, One Oxford Centre<br>Pittsburgh, PA 15219 |

Sauder Schelkopf LLC
1109 Lancaster Ave
Berwyn, PA 19312

Patrick J. Lubenow
Amundsen Davis LLC
111 E. Kilbourn Ave., Ste. 1400
Milwaukee, WI 53202

## II. NATURE OF THE CASE

### A. Synopsis of Plaintiffs' Claims

Plaintiffs Michael Russo and Bruce Harrison bring this proposed class action against Bombardier Recreational Products, Inc., and BRP U.S., Inc. (collectively, "BRP"). Plaintiffs allege that Bombardier marketed three-wheel motorcycles known as "Rykers" as being equipped with anti-theft technology, but then allowed its dealers to sell Rykers to consumers while knowing that they were not so equipped. Each plaintiff purchased a Ryker that lacked anti-theft technology, and their Rykers were stolen as a result.

Plaintiffs asserted claims for breach of express warranty (Count I); breach of implied warranty of merchantability (Count II); violation of the Magnuson Moss Warranty Act (Count III); statutory fraud in violation of Wis. Stat. §§ 895.446 & 943.20(1)(d) (Count IV); statutory violations of Wis. Stat. § 100.18 (Count V); deceptive trade practice in a direct marketing scheme in violation of Wis. Stat. § 100.20 & Wis. Admin. Code ATCP §§ 127.01 *et. Seq.* (Count VI); statutory MVDL violations pursuant to Wis. Stat. §§ 218.0116 & 218.0163(2) (Count VII); and statutory fraud in violation of 73 P.S. §§ 201-1, *et. seq.* (Count VIII). The Court granted Defendants' motion to dismiss Count VI and denied it in all other respects. (Dkt. 20.)

### B. Synopsis of Defendants' Defenses

As a threshold matter, BRP maintains Plaintiffs' claims are not susceptible to class treatment because individualized issues of law and fact predominate over any potential commonalities, and this poses an insurmountable hurdle to class certification. More specifically, the lack of uniformity among the laws of the 50 states with respect to the elements of and defenses to Plaintiffs' warranty and fraud-based theories of liability preclude certification under Rule 23. These claims hinge on

proofs—such as reliance, consumer expectations, and damages—that are unique to individual class members and therefore cannot be established on a class-wide basis. Plaintiffs will likewise be unable to establish class-wide damages, particularly with respect to those putative class members whose Ryker vehicles were not alleged to have been stolen.

Further, Plaintiffs will be unable to demonstrate harm on a class-wide basis because BRP has issued service bulletins that provide a means and a method for all purchasers of Ryker vehicles to obtain fully functions D.E.S.S. systems free of charge. Thus, even if Plaintiffs could establish that the lack of a D.E.S.S. systems constituted a "defect"—which it did not—Plaintiffs will be unable to establish recoverable damages. Further, Plaintiffs cannot demonstrate that BRP made any misrepresentation regarding the Ryker vehicles to Plaintiffs, nor that Plaintiffs did not receive the benefit of the bargain. Finally, BRP cannot be held liable for the intervening criminal acts of third parties under such circumstances.

### III. DISCOVERY PLAN

#### A. Topics of Discovery

The parties agree discovery is appropriate on any issues raised in any of the parties' pleadings.

#### B. Electronically Stored Information

The parties agree to produce electronically stored information in its native format and in a logically consistent manner, including the production of documents without breaking email attachments from their families. The parties are also negotiating an ESI protocol, which will be submitted to the Court.

### IV. DISCOVERY SCHEDULE

#### A. Rule 26(a)(1) Initial Disclosures

The parties agree to exchange the information and documents contemplated under Rule 26(a)(1) on or before **September 13, 2024**.

B.  Fact Discovery

   1. Deadlines

Fact discovery shall commence upon entry of this order and shall close on **September 30, 2025**. The parties' agreement regarding additional limitations on discovery is set forth below.

   2. Limitations on Written Discovery and Depositions

The parties agree on the following limitations on written discovery and depositions taken in connection with this case:

- **Interrogatories:** The parties stipulate to the limitation on the number of interrogatories as set forth in Civil L.R. 33.

- **Requests for Admission:** The parties stipulate to the limitation on the number of requests for admission as set forth in Civil L.R. 36 but agree that requests for admission used to authenticate exhibits are not counted towards this limit.

- **Depositions:** The parties stipulate to the limitation on the number of individual depositions to be taken as set forth in Fed. R. Civ. P. Rule 30(a)(2) and the time limitations set forth in Fed. R. Civ. P. 30(d)(1). For corporate representative depositions conducted pursuant to Fed. R. Civ. P. 30(b)(6), the parties stipulate that multiple 30(b)(6) depositions may be taken of the same party, provided that the topics in each notice are distinct, which will allow discovery to proceed in phases. Each 30(b)(6) deposition conducted under a separate deposition notice counts as a separate deposition against the ten-deposition limit.

- **Additional Items:** The limitations noted above shall apply to all parties who are represented by the same counsel, such that Plaintiffs and Defendants are each treated as one party.

   3. Supplementation

Any discovery that needs to be supplemented shall be done in a seasonable and timely manner in accordance with Rule 26(e).

C.  Expert Discovery

   1. Deadlines

Expert discovery shall commence upon entry of this order and shall close on **March 31, 2026**. The parties also agree on the deadlines and parameters regarding expert discovery as set forth below.

4

2. **Expert Disclosures**

The parties shall provide expert witness disclosures and a written report for each retained expert in accordance with Rules 26(a)(2)(A)–(B) pursuant to the following schedule:

- **Plaintiff:** November 14, 2025
- **Defendants:** January 30, 2026
- **Plaintiff's rebuttal:** February 28, 2026

Any *Daubert* motions related to these experts shall be filed on or before ***April 30, 2026***. Any response in opposition to a *Daubert* motion shall be filed on ***June 1, 2026***. Any reply in support of a *Daubert* motion shall be filed on ***June 15, 2026***.

3. **Expert Depositions**

Any expert depositions shall take place after all expert reports are produced, including any rebuttal reports. The depositions of Plaintiffs' experts, however, shall be completed before the depositions of Defendants' experts are to begin. Any expert depositions are limited to eight hours in length and shall not count against the limitation on the number of fact depositions set forth in Section III(B)(2), above.

4. **Supplementation**

Any expert discovery that needs to be supplemented shall be done in a seasonable and timely manner in accordance with Rule 26(e).

V. **OTHER ITEMS**

A. **Pretrial Conference**

A pretrial conference shall be scheduled on a date and time to be established by the Court following its disposition of any class certification and dispositive motions.

B. **Deadline to Amend Pleadings**

The deadline by which to amend the pleadings shall be ***December 1, 2024***, but all parties reserve their rights to seek leave of the Court to file an amended pleading or join additional parties

5

if a need to do so should arise.

C.  **Deadline for Class Certification Motions**

Plaintiffs' motion for class certification shall be filed by *November 14, 2025*. Any response in opposition to a class certification motion shall be filed by *January 30, 2026*. Any reply in support of a class certification motion shall be filed by *February 28, 2026*.

D.  **Dispositive Motion Deadline**

Any dispositive motions shall be filed on or before *April 30, 2026*. Any response in opposition to a dispositive motion shall be filed on *June 1, 2026*. Any reply in support of a dispositive motion shall be filed on *June 15, 2026*.

E.  **Settlement / ADR**

The parties have discussed an early mediation in this matter, but mutually agree that some written discovery may be useful to clarify their respective positions and improve the possibility of an early resolution.

F.  **Trial-Related Matters**

  1.  **Lay Witness Lists**

The parties agree that they will exchange lists of the names, addresses, and telephone numbers of all lay witnesses they expect to call to testify at trial at a date and time to be established by the Court.

  2.  **Exhibit Exchange**

The parties agree that, at least 45 days prior to trial, the parties will exchange all exhibits they intend to use at trial and will work cooperatively to prepare a joint set of exhibits for use at trial, and, in doing so, will follow L.R. 26 regarding the sequential numbering of exhibits.

Dated this 7th day of August, 2024

**BARTON LEGAL S.C.**

Dated this 7th day of August, 2024

**AMUNDSEN DAVIS LLC**

6

Case 2:23-cv-01355-LA    Filed 08/07/24    Page 6 of 7    Document 24

/s/ *Electronically Signed By James B. Barton*
James B. Barton
Email: *jbb@bartoncerjak.com*
Michael J. Cerjak
Email: *mjc@bartoncerjak.com*
Dustin T. Woehl
Email: *dtw@bartoncerjak.com*
313 North Plankinton Ave., Ste. 207
Milwaukee, WI 53203
T: (414) 877-0690

**SAUDER SCHELKOPF LLC**

Matthew D. Schelkopf
Email: *mds@sstriallawyers.com*
Joseph B. Kenney
Email: *jbk@sstriallawyers.com*
1109 Lancaster Avenue
Berwyn, PA 19312

*Counsel for Plaintiffs, Michael Russo, Bruce Harrison and the Proposed Class.*

/s/ *Electronically Signed By Patrick J. Lubenow*
Patrick J. Lubenow
Email: *Plubenow@amundsendavislaw.com*
111 East Kilbourn Avenue, Ste. 1400
T: (414) 276-0200

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

Clem C. Trischler
Email: *cct@pietragallo.com*
Jason M. Reefer
Email: *jmr@pietragallo.com*
Frank H. Stoy
Email: *fhs@pietragallow.com*
One Oxford Centre, 38th Floor
Pittsburg, PA 15219
T: (412) 263-2000

*Counsel for Defendants*